**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No.: 2:06cr284-MHT |
| ) | |
| MICHAEL W. WALKER ) | |

**SENTENCING MEMORANDUM**

**FACTS**

Michael Walker is a 51-year-old man who has suffered from Crohn's Disease since he was in his twenties. Crohn's Disease is an inflammatory bowel disease that can affect any part of the alimentary canal, and which causes the lining of the mouth, stomach, and especially the small intestine, to become inflamed and ulcerated. Affected individuals suffer chronic diarrhea and weight loss, with episodes of abdominal pain and fever. Over the years Mr. Walker has endured numerous surgeries to remove diseased portions of his digestive tract. He now has only a few feet of small intestine left intact. He wears an ileostomy bag, which must be emptied upwards of twenty times each day. He takes a regimen of medications to combat the pain and other symptoms associated with his Crohn's Disease (Document #38, Exhibit 1).

In addition to suffering from Crohn's disease, Mr. Walker also has a history of psychiatric treatment for depression, anxiety and sleep disturbance. At the time of the offense he likely suffered from increasing depression and took an overdose of prescription medication (Document #38, Exhibit 2).

## DISCUSSION

In light of the Supreme Court's opinion in *United States v. Booker*, the sentencing court's determination of the appropriate sentence is no longer confined to a determination of the appropriate offense level, criminal history, and availability of authorized downward departures. Rather, under the post-*Booker* discretionary sentencing regime, the advisory guideline range is only one factor among several that this Court is required to consider in imposing a sentence that is "sufficient, but not greater than necessary" to achieve the purposes of sentencing set forth in 18 U.S.C. §3553(a)(2). It is the sentencing statute, not the Sentencing Commission, which now governs the sentencing process.

The overriding principle and basic mandate of §3553(a) requires district courts to impose a sentence "sufficient, but not greater than necessary," to comply with the purposes of sentencing set forth in §3553(a)(2). In determining the sentence minimally sufficient to comply with the purposes of sentencing, the court must consider several factors, which include, "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed training and medical care." 18 U.S.C. §3553(a)(1) and (2). Moreover, under 18 U.S.C. §3661, *"no limitation* shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence" (emphasis added).

In fashioning an appropriate sentence for Mr. Walker, he suggests that the Court should take particular note of several important factors. First, the Court should consider Mr. Walker's age. "Recidivism rates decline relatively consistently as age increases. Generally, the younger the offender, the more likely the offender recidivates.. . . . Among all offenders under age 21, the recidivism rate is 35.5 percent, while offenders over age 50 have a recidivism rate of 9.5 percent." *Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines*, at 12, *avialable at* http://www.ussc.gov/publicat/recidivism_general.pdf. Mr. Walker is not, for instance, a young man of 21 who committed a bank robbery just a few months after his release from prison for robbing a convenience store. Rather, Mr. Walker is a man of 51 whose lone prior criminal conviction occurred some five years earlier. During that substantial period of time between his prior offense and the instant offense, Mr. Walker was involved in no criminal misconduct. Based on these facts, Mr. Walker's risk of recidivism is extremely low.

Next, the Court should take particular note of Mr. Walker's Crohn's disease. There can be little doubt that this disease has taken a severely debilitating toll on Mr. Walker's physical health. After numerous surgeries Mr. Walker has had all but a few feet of his intestinal tract removed. He suffers from chronic pain and must use an ileostomy bag. Clearly, he has an extraordinary physical impairment. Mr. Walker suggests that this Court should consider his extraordinary physical impairment as an important factor in assessing his history and characteristics before imposing a reasonable sentence. *See* 18 U.S.C. §3553(a). Prior to *Booker*, under a mandatory-Guidelines scheme, a downward departure was

authorized for an extraordinary physical impairment. U.S.S.G. §5H1.4; *See United States v. Martin*, 363F.3d 25, 50 (1st Cir. 2004) (three-level downward departure where defendant suffered from Crohn's disease); *United States v. Johnson*, 71 F.3d 539, 545 (6th Cir. 1995) (downward departure possible where defendant suffered from diabetes, hypertension, hypothyroidism, ulcers, potassium loss, and reactive depression); *U.S. v. Whitmore*, 35 Fed. Appx. 307, 321,(9th Cir. 2002) (downward departure for defendant suffering from HIV, coronary artery disease, and vulnerability to various infections, because "given the defendant's age combined with [his] infirmities, I believe that a sentence of forty-six to fifty-seven months is unduly harsh, it is far more punitive than that same sentence would be on a person of middle age.")*; United States v. Slater*, 971 F.2d 626, 635 (10th Cir. 1992) (mental retardation, scoliosis of the spine and chronic pain may warrant departure); *United States v. Moy*, 1995 WL 311441, at 25-29, 34 (N.D.Ill. May 18, 1995) (downward departure based on defendant's aggravated health condition and emotionally depressed state); *U.S. v. Moore,* 42 Fed.Appx. 618–619 (4th Cir. 2002) ("Because [her] severe physical limitations restrict her mobility and necessitate extensive and individualized medical care, we find no error in the court's decision to sentence her to home confinement pursuant to § 5H1.4."); *United States v. LiButti*, 1994 WL 774647, at 10 (D. N.J. 1994) ("the defendant's combination of physical and mental conditions present an extraordinary situation in which prison life may be significantly harder to endure, and that the defendant has demonstrated under U.S.S.G. §§ 5H1.3 & 5H1.4 a basis for departure from the guidelines range of 51 to 63 months . . . to 36 months").

Under a mandatory-sentencing scheme, the Eighth Circuit suggested that a sentencing court consider three factors when determining whether to depart on the grounds of health or physical condition under U.S.S.G. § 5H1.4:

> (1) whether the defendant's physical condition is such that the defendant would find imprisonment more than the normal hardship; (2) whether imprisonment would subject the defendant to more than the normal inconvenience or danger; and (3) whether the defendant's physical condition has any substantial present effect on the defendant's ability to function.

*U.S. v. Johnson*, 318 F.3d 821, 825 (8th Cir. 2003), citing *United States v. Rabins*, 63 F.3d 721, 729 (8th Cir.1995). Based upon his long and difficult history of Crohn's Disease and the devastating toll the disease has exacted upon Mr. Walker's health, he suggests that the intuitively obvious answer to all three of these questions is an unqualified "yes."

In addition to suffering from his physical infirmities, at the time of the instant offense Mr. Walker suffered from major depression and serious financial difficulties. He was virtually penniless and on the verge of bankrucptcy. In the midst of his depression and despair he took an overdose of his prescription medication, which further clouded his judgment. He acted impulsively and rashly–he scrawled out a disorganized and barely legible holdup note, walked into the nearest bank, and presented the note to a teller. Mr. Walker didn't make it out of the building before he was apprehended. His mental state at the time he committed the instant offense, while not rising to the level of a defense of lack of mental responsibility, is an important factor, which this Court should consider in determining an appropriate sentence.

Mr. Walker also contends that the Court should consider the fact that his conduct in

the instant offense was totally out of character for him. The United States Sentencing Commission recognizes that aberrant behavior may be a basis that would support the imposition of a below-Guidelines sentence. U.S.S.G. §5K2.20. The requirements to qualify for a downward departure under that section of the Guidelines are that: 1) the defendant committed a single criminal act or transaction; 2) which was of limited duration; and 3) represents a marked deviation by the defendant from an otherwise law-abiding life. So far for Mr. Walker, so good. But, §5K2.20 goes on to state that the court may not depart downward if: 1) the offense involved serious bodily injury or death; 2) the defendant used a firearm or other dangerous weapon; 3) the offense is serious drug trafficking offense; or 4) the defendant has more than one criminal history point or a prior felony conviction. It is the last of these caveats that snares Mr. Walker and keeps him from qualifying for downward departure under §5K2.20. However, §5K2.20 is a policy statement.

In a pre-*Booker* world a sentencing court was not bound by a policy statement; in a post-*Booker* world, even less so. Supreme Court Justice Scalia has recently noted, "[T]he district judge can simply disagree with the basic–basic reasons of the commission, can simply disagree with the fact that the commission considers white collar crime, for example, something that should justify incarceration." Oral argument in *United States v. Rita*, at 47, *available at* http://www.supremecourtus.gov/oral_arguments/argument_transcripts/06-5754.pdf. United States Deputy Solicitor General Michael Dreeben has conceded that very point: "I think that the reconciliation of this Court's merits opinion in Booker and its remedial opinion in Booker does dictate that the judge has additional freedom to impose a sentence that's different from

what's described in the guidelines." *Id*. at 34. Therefore, in considering the history and characteristics of Mr. Walker, this Court can–and Mr. Walker contends should–consider whether his commission of the instant offense is so out of character for Mr. Walker that a reasonable sentence would be less than a Guidelines sentence.

Mr. Walker has but one prior criminal conviction, albeit a serious conviction for aggravated assault. Nothing could excuse Mr. Walker's behavior that resulted in that conviction, but as is often the case, there is more to the story. Mr. Walker and his then-wife had a contentious and combative relationship. She was frequently aggressive and abusive toward Mr. Walker. During a heated argument while the two of them were going through a messy divorce, Mr. Walker lost his temper and assaulted his wife. Mr. Walker readily concedes that such behavior is inexcusable, and he offers no excuses for it. However, his behavior was atypical for him; he was 44 years old at the time and prior to that had never been involved in any criminal conduct. Because Mr. Walker received 20 years of probation for that offense, he was on probation at the time he committed the instant offense. As a result, he is likely to have his probation revoked by the State of Georgia, and the sentence that this Court imposes may well be the least of Mr. Walker's worries.

In light of the constellation of circumstances present in this case–Mr. Walker's age and low risk of recidivism; his extraordinary physical impairment; his mental state at the time of the commission of the offense, including having taken an overdose of prescription medication; his sparse criminal history–this Court must decide what sentence is sufficient, but not greater than necessary, to  to comply with the purposes of sentencing set forth in §3553(a)(2). Mr.

Walker contends that a sentence of probation, to include home detention with electronic monitoring, would satisfy those purposes.

Dated this 8th day of June, 2007.

Respectfully submitted,

s/Donnie W. Bethel
DONNIE W. BETHEL
Assistant Federal Defender
201 Monroe Street, Ste. 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: don_bethel@fd.org
IN Bar Code: 14773-49

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )  Case No.: 2:06cr284-MHT |
| | ) |
| MICHAEL W. WALKER | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Todd A. Brown, Esq., Assistant U. S. Attorney, One Court Square, Suite 201, Montgomery, Alabama 36104.

Respectfully submitted,

s/ Donnie W. Bethel
DONNIE W. BETHEL
Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: don_bethel@fd.org
IN Bar Code: 14773-49